Edward Cerasia II
Christie Del Rey-Cone
CERASIA & DEL REY-CONE LLP
150 Broadway, Suite 1517
New York, New York 10038
646.525.4235
Attorneys for the *NYU Hospitals Center*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTEN HAIGHT,

                   Plaintiff,

        v.

NYU LANGONE MEDICAL CENTER, INC.,
et al.,

                  Defendants.

13-CV-04993 (LGS)

## NYUHC'S ANSWER AND DEFENSES
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant NYU Hospitals Center (incorrectly named in this lawsuit as NYU Langone Medical Center, Inc., NYU Medical Center and NYU School of Medicine[1]) ("NYUHC"), by and through its undersigned counsel, by way of Answer to the Third Amended Complaint (the "Complaint") of plaintiff Kristen Haight ("plaintiff" or "Haight"), responds as follows to each paragraph thereof:

1.     NYUHC denies the allegations in paragraph 1 of the Complaint, except admits that, at all relevant times herein, NYUHC has been licensed to do business in the state of New York.

---

[1]    NYU Langone Medical Center is a descriptive name only and not a legal entity.  Plaintiff was employed by NYU Hospitals Center, a separate entity within NYU Langone Medical Center.

2.      NYUHC denies the allegations in paragraph 2 of the Complaint, except admits that, at all relevant times herein, NYUHC has been licensed to do business in the state of New York.

3.      NYUHC denies the allegations in paragraph 3 of the Complaint, except admits that it maintains a medical facility at 550 First Avenue, New York, New York.

4.      NYUHC denies the allegations in paragraph 4 of the Complaint.

5.      NYUHC denies the allegations in paragraph 5 of the Complaint.

6.      NYUHC denies the allegations in paragraph 6 of the Complaint, except admits that it provides medical services.

7.      NYUHC denies the allegations in paragraph 7 of the Complaint, except admits that it employs doctors, nurses and administrative staff.

8.      NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, leaves plaintiff to her proof.

9.      NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, leaves plaintiff to her proof.

10.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, leaves plaintiff to her proof.

11.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, leaves plaintiff to her proof.

12.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, therefore, leaves plaintiff to her proof.

13.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, leaves plaintiff to her proof.

14.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, leaves plaintiff to her proof.

15.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, leaves plaintiff to her proof.

16.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, leaves plaintiff to her proof.

17.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, leaves plaintiff to her proof.

18.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, leaves plaintiff to her proof.

19.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, leaves plaintiff to her proof.

20.     NYUHC denies the allegations in paragraph 20 of the Complaint except admits that NYUHC employed Michelle Blate as a Nurse Practitioner until in or around December 2009.

21.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, leaves plaintiff to her proof.

22.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, leaves plaintiff to her proof.

23.     NYUHC denies the allegations in paragraph 23 of the Complaint, except admits that NYUHC employed plaintiff as a Nurse Practitioner.

24.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, leaves plaintiff to her proof.

25.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, leaves plaintiff to her proof.

26.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and, therefore, leaves plaintiff to her proof.

27.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, leaves plaintiff to her proof.

28.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, therefore, leaves plaintiff to her proof.

29.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, therefore, leaves plaintiff to her proof.

30.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, leaves plaintiff to her proof.

31.     NYUHC denies the allegations in paragraph 31 of the Complaint.

32.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, leaves plaintiff to her proof.

33.     NYUHC denies the allegations in paragraph 33 of the Complaint.

34.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, leaves plaintiff to her proof.

35.     NYUHC denies the allegations in paragraph 35 of the Complaint, except admits that NYUHC conducted an investigation into whether Michelle Blate had inappropriately accessed medical records and that the investigation revealed that Ms. Blate had done so.

36.      NYUHC denies the allegations in paragraph 36 of the Complaint.

37.      NYUHC denies the allegations in paragraph 37 of the Complaint, except admits that NYUHC conducted an investigation into whether Michelle Blate had inappropriately accessed medical records and that the investigation revealed that Ms. Blate had done so.

38.      NYUHC denies the allegations in paragraph 38 of the Complaint.

39.      NYUHC denies the allegations in paragraph 39 of the Complaint.

40.      NYUHC denies the allegations in paragraph 40 of the Complaint, except admits that plaintiff called Maria Brillant to request that Ms. Brillant assist her in getting home in a wheelchair, that Ms. Brillant granted plaintiff's request, and that Ms. Brillant went to the pharmacy to pick up plaintiff's prescription.

41.      NYUHC denies the allegations in paragraph 41 of the Complaint.

42.      NYUHC denies the allegations in paragraph 42 of the Complaint, except admits that, in or around January 2009, plaintiff returned from a leave of absence.

43.      NYUHC denies the allegations in paragraph 43 of the Complaint.

44.      NYUHC denies the allegations in paragraph 44 of the Complaint.

45.      NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and, therefore, leaves plaintiff to her proof.

46.      NYUHC denies the allegations in paragraph 46 of the Complaint, except admits that plaintiff raised concerns that Michelle Blate had accessed plaintiff's medical records, that Ms. Brillant took those concerns seriously and that NYUHC investigated plaintiff's concerns.

47.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, leaves plaintiff to her proof.

48.     NYUHC denies the allegations in paragraph 48 of the Complaint.

49.     NYUHC denies the allegations in paragraph 49 of the Complaint.

50.     NYUHC denies the allegations in paragraph 50 of the Complaint.

51.     NYUHC denies the allegations in paragraph 51 of the Complaint, except admits that, during the relevant time period, Maria Brillant held the title of Director, Care Management, and that her job duties included, but were not limited to, supervising Nurse Practitioners and Physician Assistants.

52.     NYUHC denies the allegations in paragraph 52 of the Complaint, except admits that Deborah Wisoff is married to Dr. Jeffrey Wisoff, that Dr. Wisoff is the Director of Pediatric Neurosurgery at NYUHC, that, in or around April 2009, Ms. Wisoff's sister-in-law had surgery at NYUHC, and that, because Ms. Wisoff had been listed as her sister-in-law's emergency contact, she asked plaintiff to find out if her sister-in-law had been released from surgery.

53.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, leaves plaintiff to her proof.

54.     NYUHC denies the allegations in paragraph 54 of the Complaint, except admits that plaintiff discussed her concerns about a potential HIPAA violation with Maxine Simon, Chief Regulatory Officer at NYUHC, and that Ms. Simon took appropriate steps to ensure that those concerns were investigated.

55.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and, therefore, leaves plaintiff to her proof.

56.     NYUHC denies the allegations in paragraph 56 of the Complaint, except admits that plaintiff raised concerns that Michelle Blate had potentially accessed her medical records, that Maria Brillant took those concerns seriously, that NYUHC investigated plaintiff's concerns and that Ms. Brillant and Sheila Furjanic were involved in that investigation.

57.     NYUHC denies the allegations in paragraph 57 of the Complaint, except admits that Maria Brillant and Sheila Furjanic were involved in the investigation into whether Michelle Blate had engaged in HIPAA violations and that meetings were held to discuss that investigation.

58.     NYUHC denies the allegations in paragraph 58 of the Complaint.

59.     NYUHC denies the allegations in paragraph 59 of the Complaint.

60.     NYUHC denies the allegations in paragraph 60 of the Complaint.

61.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and, therefore, leaves plaintiff to her proof.

62.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and, therefore, leaves plaintiff to her proof.

63.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and, therefore, leaves plaintiff to her proof.

64.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and, therefore, leaves plaintiff to her proof.

65.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and, therefore, leaves plaintiff to her proof.

66.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and, therefore, leaves plaintiff to her proof.

67.    NYUHC denies the allegations in paragraph 67 of the Complaint, except admits that Maria Brillant offered plaintiff the opportunity to do some work in Ms. Brillant's office because plaintiff expressed an interest in working additional hours.

68.    NYUHC denies the allegations in paragraph 68 of the Complaint, except admits that Maria Brillant invited plaintiff to join her for lunch on the same day that plaintiff completed some office work in Ms. Brillant's office.

69.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and, therefore, leaves plaintiff to her proof.

70.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, therefore, leaves plaintiff to her proof.

71.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and, therefore, leaves plaintiff to her proof.

72.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, therefore, leaves plaintiff to her proof.

73.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and, therefore, leaves plaintiff to her proof.

74.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and, therefore, leaves plaintiff to her proof.

75.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and, therefore, leaves plaintiff to her proof.

76.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and, therefore, leaves plaintiff to her proof.

77.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, except admits that, during the relevant time period, the Compliance Office was involved in investigations into complaints of HIPAA violations.

78.     NYUHC denies the allegations in paragraph 78 of the Complaint.

79.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and, therefore, leaves plaintiff to her proof.

80.     NYUHC denies the allegations in paragraph 80 of the Complaint.

81.     NYUHC denies the allegations in paragraph 81 of the Complaint.

82.     NYUHC denies the allegations in paragraph 82 of the Complaint.

83.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and, therefore, leaves plaintiff to her proof.

84.     NYUHC denies the allegations in paragraph 84 of the Complaint.

85.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and, therefore, leaves plaintiff to her proof.

86.     NYUHC denies the allegations in paragraph 86 of the Complaint.

87.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 87 of the Complaint and, therefore, leaves plaintiff to her proof.  NYUHC denies the allegations in the third and fourth sentences of paragraph 87 of the Complaint.

88.     NYUHC denies the allegations in paragraph 88 of the Complaint.

89.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint and, therefore, leaves plaintiff to her proof.

90.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and, therefore, leaves plaintiff to her proof.

91.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and, therefore, leaves plaintiff to her proof.

92.     NYUHC denies the allegations in paragraph 92 of the Complaint.  NYUHC further avers that any communications sent by Maria Brillant to plaintiff during plaintiff's leave were intended to ascertain plaintiff's intention with regards to returning to work.

93.     NYUHC denies the allegations in paragraph 93 of the Complaint.

94.     NYUHC denies the allegations in paragraph 94 of the Complaint.

95.     NYUHC denies the allegations in paragraph 95 of the Complaint, except admits that, in or around September 2010, plaintiff sent an email to security that was forwarded to Nicole Delts, that Ms. Delts reached out to plaintiff requesting that plaintiff speak with her and that Ms. Delts advised plaintiff that plaintiff's attorney could not participate in the meeting because it was being held pursuant to an internal investigation.

96.     NYUHC denies the allegations in paragraph 96 of the Complaint.

97.     Because paragraph 97 of the Complaint references a document, the contents of which speak for itself, no response is required.  To the extent a response is required, NYUHC denies the allegations in paragraph 97 of the Complaint, except admits that, on or about February 23, 2011, the State of New York Workers' Compensation Board found that plaintiff "had a work related injury of anxiety disorder and post-traumatic stress disorder," and that plaintiff claimed to be able to work while maintaining employment with another health care provider.

12

98.     NYUHC denies the allegations in paragraph 98 of the Complaint.  NYUHC further avers that any communications sent by Maria Brillant to plaintiff during plaintiff's leave were intended to ascertain plaintiff's intentions with regards to returning to work.

99.     NYUHC denies the allegations in paragraph 99 of the Complaint.

100.     NYUHC denies the allegations in paragraph 100 of the Complaint, except admits that plaintiff worked at a private practice unaffiliated with NYUHC despite representing that she was unable to work due to injury.

101.     NYUHC denies the allegations in paragraph 101 of the Complaint, except admits that plaintiff worked at a private practice unaffiliated with NYUHC despite representing that she was unable to work due to injury.

102.     NYUHC denies the allegations in paragraph 102 of the Complaint.

103.     NYUHC denies the allegations in paragraph 103 of the Complaint, except admits that plaintiff requested a copy of her performance reviews and that those documents were provided to plaintiff.

104.     NYUHC denies the allegations in paragraph 104 of the Complaint.

105.     NYUHC denies the allegations in paragraph 105 of the Complaint, except admits that, on or about February 23, 2011, the State of New York Workers' Compensation Board found that plaintiff "had a work related injury of anxiety disorder and post-traumatic stress disorder," and that plaintiff claimed to be able to work while maintaining employment with another health care provider.

106.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint and, therefore, leaves plaintiff to her proof.

107.     NYUHC denies the allegations in the first sentence of paragraph 107 of the Complaint, except admits that NYUHC appealed the New York State Workers' Compensation Board's February 23, 2011 decision.  NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 107 of the Complaint and, therefore, leaves plaintiff to her proof.

108.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint and, therefore, leaves plaintiff to her proof.

109.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint and, therefore, leaves plaintiff to her proof.

110.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint and, therefore, leaves plaintiff to her proof.

111.     NYUHC denies the allegations in paragraph 111 of the Complaint.

112.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint and, therefore, leaves plaintiff to her proof.

113.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint and, therefore, leaves plaintiff to her proof.

114.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint and, therefore, leaves plaintiff to her proof.

115.     NYUHC denies the allegations in paragraph 115 of the Complaint.

116.     NYUHC denies the allegations in paragraph 116 of the Complaint.

## FIRST CAUSE OF ACTION

117.     NYUHC hereby incorporates by reference its responses to paragraphs 1 through 116 of the Complaint as if fully set forth herein.

118.     NYUHC denies the allegations in paragraph 118 of the Complaint, except admits that NYUHC had various obligations related to treatment of its employees and that all such obligations were met.

119.     NYUHC denies the allegations in paragraph 119 of the Complaint.

120.     NYUHC denies the allegations in paragraph 120 of the Complaint.

121.     NYUHC denies the allegations in paragraph 121 of the Complaint, except admits that plaintiff raised concerns with Maria Brillant that she believed Michelle Blate had accessed her medical records and that Ms. Brillant was involved in the investigation into determining whether Michelle Blate had done so.

122.     NYUHC denies the allegations in paragraph 122 of the Complaint.

123.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint and, therefore, leaves plaintiff to her proof.

124.     NYUHC denies the allegations in paragraph 124 of the Complaint.

125.     NYUHC denies the allegations in paragraph 125 (incorrectly numbered as paragraph 124) of the Complaint, except admits that plaintiff raised concerns with Maxine Simon that she believed Michelle Blate had accessed her medical records.

126.     NYUHC denies the allegations in paragraph 126 (incorrectly numbered as paragraph 125) of the Complaint, except admits that plaintiff raised concerns with Sheila Furjanic that she believed Michelle Blate had accessed her medical records.

127.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 (incorrectly numbered as paragraph 126) of the Complaint and, therefore, leaves plaintiff to her proof.

128.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 (incorrectly numbered as paragraph 127) of the Complaint and, therefore, leaves plaintiff to her proof.

129.      NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 (incorrectly numbered as paragraph 128) of the Complaint and, therefore, leaves plaintiff to her proof.

130.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 (incorrectly numbered as paragraph 129) of the Complaint and, therefore, leaves plaintiff to her proof.

131.     NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 (incorrectly numbered as paragraph 130) of the Complaint and, therefore, leaves plaintiff to her proof.

132.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 (incorrectly numbered as paragraph 131) of the Complaint and, therefore, leaves plaintiff to her proof.

133.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 (incorrectly numbered as paragraph 132) of the Complaint and, therefore, leaves plaintiff to her proof.

134.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 (incorrectly numbered as paragraph 133) of the Complaint and, therefore, leaves plaintiff to her proof.

135.    NYUHC denies the allegations in paragraph 135 (incorrectly numbered as paragraph 134) of the Complaint.

136.    NYUHC denies the allegations in paragraph 136 (incorrectly numbered as paragraph 135) of the Complaint, except admits that Nicole Delts was aware that Michelle Blate's employment from NYUHC was separated.

137.    NYUHC denies the allegations in paragraph 137 (incorrectly numbered as paragraph 136) of the Complaint.

138.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 (incorrectly numbered as paragraph 137) of the Complaint and, therefore, leaves plaintiff to her proof.

139.    NYUHC denies the allegations in paragraph 139 (incorrectly numbered as paragraph 138) of the Complaint.

140.    NYUHC denies the allegations in paragraph 140 (incorrectly numbered as paragraph 139) of the Complaint.

141.    NYUHC denies the allegations in paragraph 141 (incorrectly numbered as paragraph 140) of the Complaint.

142.    NYUHC denies the allegations in paragraph 142 (incorrectly numbered as paragraph 141) of the Complaint.

143.    NYUHC denies the allegations in paragraph 143 (incorrectly numbered as paragraph 142) of the Complaint.

144.    NYUHC denies the allegations in paragraph 144 (incorrectly numbered as paragraph 143) of the Complaint.

145.    NYUHC denies the allegations in paragraph 145 (incorrectly numbered as paragraph 144) of the Complaint.

146.    NYUHC denies the allegations in paragraph 146 (incorrectly numbered as paragraph 145) of the Complaint.

147.    NYUHC denies the allegations in paragraph 147 (incorrectly numbered as paragraph 146) of the Complaint.

148.    NYUHC denies the allegations in paragraph 148 (incorrectly numbered as paragraph 147) of the Complaint.

## SECOND CAUSE OF ACTION

149.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 148 (incorrectly numbered as paragraph 147) of the Complaint as if fully set forth herein. NYUHC further avers that no response to the allegations in the Second Cause of Action is required because it has been dismissed from this action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)

150.     NYUHC avers that no response to the allegations in paragraph 150 (incorrectly numbered as paragraph 149) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 150 (incorrectly numbered as paragraph 149) of the Complaint.

151.     NYUHC avers that no response to the allegations in paragraph 151 (incorrectly numbered as paragraph 150) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 151 (incorrectly numbered as paragraph 150) of the Complaint.

152.     NYUHC avers that no response to the allegations in paragraph 152 (incorrectly numbered as paragraph 151) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 152 (incorrectly numbered as paragraph 151) of the Complaint.

153.     NYUHC avers that no response to the allegations in paragraph 153 (incorrectly numbered as paragraph 152) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 153 (incorrectly numbered as paragraph 152) of the Complaint.

154.     NYUHC avers that no response to the allegations in paragraph 154 (incorrectly numbered as paragraph 153) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To

the extent a response is required, NYUHC denies the allegations in paragraph 154 (incorrectly numbered as paragraph 153) of the Complaint.

155.    NYUHC avers that no response to the allegations in paragraph 155 (incorrectly numbered as paragraph 154) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 155 (incorrectly numbered as paragraph 154) of the Complaint.

156.    NYUHC avers that no response to the allegations in paragraph 156 (incorrectly numbered as paragraph 155) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 156 (incorrectly numbered as paragraph 155) of the Complaint.

157.    NYUHC avers that no response to the allegations in paragraph 157 (incorrectly numbered as paragraph 156) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 157 (incorrectly numbered as paragraph 156) of the Complaint.

158.    NYUHC avers that no response to the allegations in paragraph 158 (incorrectly numbered as paragraph 157) of the Complaint is required because the Court dismissed the Second Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 158 (incorrectly numbered as paragraph 157) of the Complaint.

## THIRD CAUSE OF ACTION

159.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 158 (incorrectly numbered as paragraph 157) of the Complaint as if fully set forth herein.

160.    NYUHC denies the allegations in paragraph 160 (incorrectly numbered as paragraph 159) of the Complaint.

161.    NYUHC denies the allegations in paragraph 161 (incorrectly numbered as paragraph 160) of the Complaint.

162.    NYUHC denies the allegations in paragraph 162 (incorrectly numbered as paragraph 161) of the Complaint, except admits that Michelle Blate was not plaintiff's supervisor.

163.    NYUHC denies the allegations in paragraph 163 (incorrectly numbered as paragraph 162) of the Complaint.

164.    NYUHC denies the allegations in paragraph 164 (incorrectly numbered as paragraph 163) of the Complaint.

165.    NYUHC denies the allegations in paragraph 165 (incorrectly numbered as paragraph 164) of the Complaint.

## FOURTH CAUSE OF ACTION

166.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 165 (incorrectly numbered as paragraph 164) of the Complaint as if fully set forth herein. NYUHC further avers that no response to the allegations in the Fourth Cause of Action is required because it has been dismissed from this action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)

21

167.     NYUHC avers that no response to the allegations in paragraph 167 (incorrectly numbered as paragraph 166) of the Complaint is required because the Court dismissed the Fourth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  NYUHC further states that paragraph 167 (incorrectly numbered as paragraph 166) states a legal conclusion to which no response is required.  To the extent a response is required, NYUHC denies the allegations in paragraph 167 (incorrectly numbered as paragraph 166) of the Complaint.

168.     NYUHC avers that no response to the allegations in paragraph 167 (incorrectly numbered as paragraph 166) of the Complaint is required because the Court dismissed the Fourth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  NYUHC further states that paragraph 167 (incorrectly numbered as paragraph 166) states a legal conclusion to which no response is required.  To the extent a response is required, NYUHC denies the allegations in paragraph 167 (incorrectly numbered as paragraph 166) of the Complaint.

169.     NYUHC avers that no response to the allegations in paragraph 169 (incorrectly numbered as paragraph 168) of the Complaint is required because the Court dismissed the Fourth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  NYUHC further states that paragraph 169 (incorrectly numbered as paragraph 168) states a legal conclusion to which no response is required.  To the extent a response is required, NYUHC denies the allegations in paragraph 169 (incorrectly numbered as paragraph 168) of the Complaint.

170.     NYUHC avers that no response to the allegations in paragraph 170 (incorrectly numbered as paragraph 169) of the Complaint is required because the Court dismissed the Fourth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  NYUHC

further states that paragraph 170 (incorrectly numbered as paragraph 169) states a legal

conclusion to which no response is required.  To the extent a response is required, NYUHC

denies the allegations in paragraph 170 (incorrectly numbered as paragraph 169) of the

Complaint.

171.    NYUHC avers that no response to the allegations in paragraph 171 (incorrectly

numbered as paragraph 170) of the Complaint is required because the Court dismissed the Fourth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent

a response is required, NYUHC denies the allegations in paragraph 171 (incorrectly numbered as

paragraph 170) of the Complaint.

172.    NYUHC avers that no response to the allegations in paragraph 172 (incorrectly

numbered as paragraph 171) of the Complaint is required because the Court dismissed the Fourth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent

a response is required, NYUHC denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 172 (incorrectly numbered as paragraph 171) of the

Complaint and, therefore, leaves plaintiff to her proof.

173.    NYUHC avers that no response to the allegations in paragraph 173 (incorrectly

numbered as paragraph 172) of the Complaint is required because the Court dismissed the Fourth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent

a response is required, NYUHC denies the allegations in paragraph 173 (incorrectly numbered as

paragraph 172) of the Complaint.

NYUHC further denies that plaintiff is entitled to the relief requested in the "Wherefore" clause on page 42 of the Complaint (inclusive of subparagraphs a, b, c, D and E) or to any other relief.

## FIFTH CAUSE OF ACTION

174.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 173 (incorrectly numbered as paragraph 172) of the Complaint as if fully set forth herein. NYUHC further avers that no response to the allegations in the Fifth Cause of Action is required because it has been dismissed from this action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)

175.    NYUHC avers that no response to the allegations in paragraph 175 (incorrectly numbered as paragraph 174) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  NYUHC further states that paragraph 175 (incorrectly numbered as paragraph 174) states a legal conclusion to which no response is required.  To the extent a response is required, NYUHC denies the allegations in paragraph 175 (incorrectly numbered as paragraph 174) of the Complaint.

176.    NYUHC avers that no response to the allegations in paragraph 176 (incorrectly numbered as paragraph 175) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 176 (incorrectly numbered as paragraph 175) of the Complaint.

177.    NYUHC avers that no response to the allegations in paragraph 177 (incorrectly numbered as paragraph 176) of the Complaint is required because the Court dismissed the Fifth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 177 (incorrectly numbered as paragraph 176) of the Complaint.

178.    NYUHC avers that no response to the allegations in paragraph 178 (incorrectly numbered as paragraph 177) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 178 (incorrectly numbered as paragraph 177) of the Complaint.

179.    NYUHC avers that no response to the allegations in paragraph 179 (incorrectly numbered as paragraph 178) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 179 (incorrectly numbered as paragraph 178) of the Complaint.

180.    NYUHC avers that no response to the allegations in paragraph 180 (incorrectly numbered as paragraph 179) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 180 (incorrectly numbered as paragraph 179) of the Complaint.

181.    NYUHC avers that no response to the allegations in paragraph 181 (incorrectly numbered as paragraph 180) of the Complaint is required because the Court dismissed the Fifth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 181 (incorrectly numbered as paragraph 180) of the Complaint.

### SIXTH CAUSE OF ACTION

182.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 181 (incorrectly numbered as paragraph 180) of the Complaint as if fully set forth herein.

183.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 (incorrectly numbered as paragraph 182) of the Complaint and, therefore, leaves plaintiff to her proof.

184.    NYUHC denies the allegations in paragraph 184 (incorrectly numbered as paragraph 183) of the Complaint, except admits that certain representatives from NYUHC participated in proceedings held by the New York State Workers' Compensation Board relating to claims made by plaintiff.

185.    NYUHC denies the allegations in paragraph 185 (incorrectly numbered as paragraph 184) of the Complaint.

186.    NYUHC denies the allegations in paragraph 186 (incorrectly numbered as paragraph 185) of the Complaint.

187.    NYUHC denies the allegations in paragraph 187 (incorrectly numbered as paragraph 186) of the Complaint.

188.    NYUHC denies the allegations in paragraph 188 (incorrectly numbered as paragraph 187) of the Complaint.

189.    NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 (incorrectly numbered as paragraph 188) of the Complaint and, therefore, leaves plaintiff to her proof.

190.    NYUHC denies the allegations in paragraph 190 (incorrectly numbered as paragraph 189) of the Complaint.

191.    NYUHC denies the allegations in paragraph 191 (incorrectly numbered as paragraph 190) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 191 (incorrectly numbered as paragraph 190) of the Complaint or to any other relief.

192.    NYUHC denies the allegations in paragraph 192 (incorrectly numbered as paragraph 191) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 192 (incorrectly numbered as paragraph 191) of the Complaint or to any other relief.

193.    NYUHC denies the allegations in paragraph 193 (incorrectly numbered as paragraph 192) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 193 (incorrectly numbered as paragraph 192) of the Complaint or to any other relief.

194.    NYUHC denies the allegations in paragraph 194 (incorrectly numbered as paragraph 193) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 194 (incorrectly numbered as paragraph 193) of the Complaint or to any other relief.

195.    NYUHC denies the allegations in paragraph 195 (incorrectly numbered as paragraph 194) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 195 (incorrectly numbered as paragraph 194) of the Complaint or to any other relief.

196.    NYUHC denies the allegations in paragraph 196 (incorrectly numbered as paragraph 195) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief

requested in paragraph 196 (incorrectly numbered as paragraph 195) of the Complaint or to any other relief.

## **SEVENTH CAUSE OF ACTION**

197.    NYUHC hereby incorporates by reference its responses to paragraphs 1 through 196 (incorrectly numbered as paragraph 195) of the Complaint as if fully set forth herein. NYUHC further avers that no response to the allegations in the Seventh Cause of Action is required because it has been dismissed from this action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)

198.    NYUHC avers that no response to the allegations in paragraph 198 (incorrectly numbered as paragraph 197) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 198 (incorrectly numbered as paragraph 197) of the Complaint.

199.    NYUHC avers that no response to the allegations in paragraph 199 (incorrectly numbered as paragraph 198) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 199 (incorrectly numbered as paragraph 198) of the Complaint.

200.    NYUHC avers that no response to the allegations in paragraph 200 (incorrectly numbered as paragraph 199) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 200 (incorrectly numbered as paragraph 199) of the Complaint.

201.     NYUHC avers that no response to the allegations in paragraph 201 (incorrectly numbered as paragraph 200) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 (incorrectly numbered as paragraph 200) of the Complaint and, therefore, leaves plaintiff to her proof.

202.     NYUHC avers that no response to the allegations in paragraph 202 (incorrectly numbered as paragraph 201) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 202 (incorrectly numbered as paragraph 201) of the Complaint.

203.     NYUHC avers that no response to the allegations in paragraph 203 (incorrectly numbered as paragraph 202) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 203 (incorrectly numbered as paragraph 202) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 203 (incorrectly numbered as paragraph 202) of the Complaint or to any other relief.

204.     NYUHC avers that no response to the allegations in paragraph 204 (incorrectly numbered as paragraph 203) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 204 (incorrectly numbered as paragraph 203) of the Complaint.  NYUHC further denies that plaintiff is entitled to

the relief requested in paragraph 204 (incorrectly numbered as paragraph 203) of the Complaint or to any other relief.

205.    NYUHC avers that no response to the allegations in paragraph 205 (incorrectly numbered as paragraph 204) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 205 (incorrectly numbered as paragraph 204) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 205 (incorrectly numbered as paragraph 204) of the Complaint or to any other relief.

206.    NYUHC avers that no response to the allegations in paragraph 206 (incorrectly numbered as paragraph 205) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 206 (incorrectly numbered as paragraph 205) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 206 (incorrectly numbered as paragraph 205) of the Complaint or to any other relief.

207.    NYUHC avers that no response to the allegations in paragraph 207 (incorrectly numbered as paragraph 206) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 207 (incorrectly numbered as paragraph 206) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 207 (incorrectly numbered as paragraph 206) of the Complaint or to any other relief.

208.     NYUHC avers that no response to the allegations in paragraph 208 (incorrectly numbered as paragraph 207) of the Complaint is required because the Court dismissed the Seventh Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 208 (incorrectly numbered as paragraph 207) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 208 (incorrectly numbered as paragraph 207) of the Complaint or to any other relief.

**EIGHTH CAUSE OF ACTION**

209.     NYUHC hereby incorporates by reference its responses to paragraphs 1 through 208 (incorrectly numbered as paragraph 207) of the Complaint as if fully set forth herein.  NYUHC further avers that no response to the allegations in the Eighth Cause of Action is required because it has been dismissed from this action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)

210.     NYUHC avers that no response to the allegations in paragraph 210 (incorrectly numbered as paragraph 209) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 210 (incorrectly numbered as paragraph 209) of the Complaint.

211.     NYUHC avers that no response to the allegations in paragraph 211 (incorrectly numbered as paragraph 210) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 211 (incorrectly numbered as paragraph 210) of the Complaint.

212.    NYUHC avers that no response to the allegations in paragraph 212 (incorrectly numbered as paragraph 211) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 212 (incorrectly numbered as paragraph 211) of the Complaint.

213.    NYUHC avers that no response to the allegations in paragraph 213 (incorrectly numbered as paragraph 212) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 213 (incorrectly numbered as paragraph 212) of the Complaint.

214.    NYUHC avers that no response to the allegations in paragraph 214 (incorrectly numbered as paragraph 213) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 214 (incorrectly numbered as paragraph 213) of the Complaint.

215.    NYUHC avers that no response to the allegations in paragraph 215 (incorrectly numbered as paragraph 214) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 215 (incorrectly numbered as paragraph 214) of the Complaint.

216.    NYUHC avers that no response to the allegations in paragraph 216 (incorrectly numbered as paragraph 215) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent

a response is required, NYUHC denies the allegations in paragraph 216 (incorrectly numbered as paragraph 215) of the Complaint.

217.   NYUHC avers that no response to the allegations in paragraph 217 (incorrectly numbered as paragraph 216) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 217 (incorrectly numbered as paragraph 216) of the Complaint.

218.   NYUHC avers that no response to the allegations in paragraph 218 (incorrectly numbered as paragraph 217) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 218 (incorrectly numbered as paragraph 217) of the Complaint.

219.   NYUHC avers that no response to the allegations in paragraph 219 (incorrectly numbered as paragraph 218) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 219 (incorrectly numbered as paragraph 218) of the Complaint.

220.   NYUHC avers that no response to the allegations in paragraph 220 (incorrectly numbered as paragraph 219) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 220 (incorrectly numbered as paragraph 219) of the Complaint.

221.     NYUHC avers that no response to the allegations in paragraph 221 (incorrectly numbered as paragraph 220) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 221 (incorrectly numbered as paragraph 220) of the Complaint.

222.     NYUHC avers that no response to the allegations in paragraph 222 (incorrectly numbered as paragraph 221) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 222 (incorrectly numbered as paragraph 221) of the Complaint.

223.     NYUHC avers that no response to the allegations in paragraph 223 (incorrectly numbered as paragraph 222) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 223 (incorrectly numbered as paragraph 222) of the Complaint.

224.     NYUHC avers that no response to the allegations in paragraph 224 (incorrectly numbered as paragraph 223) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 224 (incorrectly numbered as paragraph 223) of the Complaint.

225.     NYUHC avers that no response to the allegations in paragraph 225 (incorrectly numbered as paragraph 224) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent

a response is required, NYUHC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 (incorrectly numbered as paragraph 224) of the Complaint and, therefore, leaves plaintiff to her proof.

226.    NYUHC avers that no response to the allegations in paragraph 226 (incorrectly numbered as paragraph 225) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 226 (incorrectly numbered as paragraph 225) of the Complaint.

227.    NYUHC avers that no response to the allegations in paragraph 227 (incorrectly numbered as paragraph 226) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 227 (incorrectly numbered as paragraph 226) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 227 (incorrectly numbered as paragraph 226) of the Complaint or to any other relief.

228.    NYUHC avers that no response to the allegations in paragraph 228 (incorrectly numbered as paragraph 227) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 228 (incorrectly numbered as paragraph 227) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 228 (incorrectly numbered as paragraph 227) of the Complaint or to any other relief.

229.    NYUHC avers that no response to the allegations in paragraph 229 (incorrectly numbered as paragraph 228) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 229 (incorrectly numbered as paragraph 228) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 229 (incorrectly numbered as paragraph 228) of the Complaint or to any other relief.

230.    NYUHC avers that no response to the allegations in paragraph 230 (incorrectly numbered as paragraph 229) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 230 (incorrectly numbered as paragraph 229) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 230 (incorrectly numbered as paragraph 229) of the Complaint or to any other relief.

231.    NYUHC avers that no response to the allegations in paragraph 231 (incorrectly numbered as paragraph 230) of the Complaint is required because the Court dismissed the Eighth Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 231 (incorrectly numbered as paragraph 230) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 231 (incorrectly numbered as paragraph 230) of the Complaint or to any other relief.

232.    NYUHC avers that no response to the allegations in paragraph 232 (incorrectly numbered as paragraph 231) of the Complaint is required because the Court dismissed the Eighth

Cause of Action in its entirety.  (*See* June 27, 2014 Order at Docket Entry No. 44.)  To the extent a response is required, NYUHC denies the allegations in paragraph 232 (incorrectly numbered as paragraph 231) of the Complaint.  NYUHC further denies that plaintiff is entitled to the relief requested in paragraph 232 (incorrectly numbered as paragraph 231) of the Complaint or to any other relief.

Defendants deny that plaintiff is entitled to the relief requested in the "WHEREFORE" clause on pages 52 and 53 of the Complaint, or to any other relief.

## GENERAL DENIAL

NYUHC denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, NYUHC asserts the following affirmative and other defenses to the claims in the Complaint:

## FIRST DEFENSE

NYUHC's decisions with respect to plaintiff were taken for legitimate, non-discriminatory business reasons.

## SECOND DEFENSE

Subject to proof through discovery, plaintiff's claims for monetary relief are barred, in whole or in part, because she has not appropriately or adequately mitigated her purported damages.

## THIRD DEFENSE

NYUHC acted in good faith and without malice, willfulness or evil intent.

## FOURTH DEFENSE

Subject to proof through discovery, plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, waiver and/or estoppel.

## FIFTH DEFENSE

To the extent applicable, the individuals who made employment decisions with respect to plaintiff did not have records of discriminatory conduct.

## SIXTH DEFENSE

Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including but not limited to, punitive damages.

## SEVENTH DEFENSE

Any emotional distress suffered by plaintiff was not caused by NYUHC or its agents.

## EIGHTH DEFENSE

NYUHC acted at all times in good faith and consistently maintained, implemented and enforced a policy in the workplace against discrimination and harassment and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which plaintiff claims she was subjected and she unreasonably failed to take advantage of preventative and corrective opportunities provided by NYUHC or to avoid harm otherwise.

## NINTH DEFENSE

In the unlikely event that plaintiff should establish that her sex or alleged disability was/were a motivating factor(s) for any adverse employment action, her remedies are barred or diminished because NYUHC would have taken the same action(s) in the absence of any impermissible motivating factor(s).

**TENTH DEFENSE**

Plaintiff's demand for punitive damages is barred, in whole or in part, because NYUHC made good faith efforts to comply with anti-discrimination and anti-harassment laws at all times, and have adopted, publicized, and enforced policies against the type of discrimination and harassment alleged in the Complaint.

**ELEVENTH DEFENSE**

To the extent plaintiff seeks to recover from NYUHC for negligence, personal injuries or emotional distress allegedly incurred in the course of or arising out of her employment with NYUHC, such claims or recovery is barred by the New York Workers' Compensation laws.

**TWELFTH DEFENSE**

NYUHC did not refuse or fail to engage in any interactive process with plaintiff or fail to make any reasonable accommodation for plaintiff's purported disability.

**THIRTEENTH DEFENSE**

Subject to proof through discovery, plaintiff's damages are limited and/or barred by the after-acquired evidence doctrine.

**WHEREFORE**, having fully answered the allegations set forth in plaintiff's Complaint, NYUHC respectfully requests that the Court enter judgment (a) dismissing the remaining claims in plaintiff's Complaint with prejudice; (b) awarding to NYUHC its attorneys' fees, costs, and expenses incurred in connection with this action; and (c) granting to NYUHC such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       August 8, 2014

                  CERASIA & DEL REY-CONE LLP

                  By    s/ Christie Del Rey-Cone    
                      Edward Cerasia II
                      Christie Del Rey-Cone
                  150 Broadway, Suite 1517
                  New York, New York 10038
                  646.525.4235

                  Attorneys for Defendant
                   *NYU Hospitals Center*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that, on August 8, 2014, the foregoing NYUHC's Answer and Defenses to Plaintiff's Third Amended Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the plaintiff and counsel of record for Defendants Medtronic, Inc. and Consignmed, Inc.

  s/ Christie Del Rey-Cone
Christie Del Rey-Cone
