

Christie Del Rey-Cone
646.525.4232
christie@cdemploymentlaw.com

March 29, 2016

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Haight v. NYU Langone Med. Ctr., et al., 13-CV-4993 (LGS)

Dear Judge Schofield:

    We represent Defendant NYU Hospitals Center (incorrectly named in this lawsuit as NYU Langone Medical Center, Inc., NYU Medical Center and NYU School of Medicine) ("NYUHC") and respectfully write in opposition to plaintiff Kristen Haight's March 22, 2016 motion for leave to amend her Complaint (the "March 22 Motion"). The March 22 Motion is based on the incorrect premise that "discovery has begun anew," despite the fact that on March 3, 2016, the Court granted "plaintiff's request for a *limited* reopening of discovery" (the "March 3 Order") (Docket No. 118). Indeed, what was originally a request to re-open discovery "for the narrow purposes of conducting perhaps 2-3 depositions, exchanging a 26(a) disclosure, and filing a jury demand" (Docket No. 111), has now evolved into plaintiff seeking to file an entirely new Complaint that includes claims against proposed individual defendants and a new negligence claim relating to plaintiff having been a patient at NYUHC, and not concerning her employment. Plaintiff's motion is not in line with the Court's March 3 Order and unduly prejudices NYUHC in a case where NYUHC has already been significantly prejudiced. In addition to being contrary to plaintiff's original request to re-open discovery and the Court's March 3 Order, the Court should deny the March 22 Request because of plaintiff's undue delay, the undue prejudice granting the March 22 Motion would cause NYUHC, as well as the proposed individual defendants, and the futility of the proposed claims. For these reasons, NYUHC respectfully requests that the Court deny plaintiff's March 22 Motion.

    While Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires," a Court may deny a motion to amend due to undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, plaintiff seeks to add Michelle Blate and Dr. Jeffrey Wissoff as individual defendants and add a negligence claim against NYUHC "in her capacity as a patient of NYUHC, not as an employee." (Docket No. 120-1, ¶ 110.) Such additions would be extremely prejudicial to NYUHC, Ms. Blate and Dr. Wissoff.



First, the March 22 Motion should be denied because of the extensive delay in bringing these proposed claims. While the circumstances of this case are unusual given plaintiff's former counsel's alleged criminal activity, the fact remains that plaintiff initially filed her case in New York State Court in September 2011 and that, on July 16, 2013, the case was removed to this Court. The parties conducted discovery[1], NYUHC filed a motion for summary judgment, and this Court decided that motion. Now, almost four and a half years after initiating her Complaint, plaintiff seeks to add the individual defendants and new claims. It is well established that "obtaining new counsel with a fresh view of the case may not constitute justification" for such delay. *Stephenson v. Dow Chem. Co.*, 220 F.R.D. 22, 25 (E.D.N.Y 2004); *see also Ansam Associates Inc. v. Cola Petroleum Ltd.*, 760 F.2d 442 (2d Cir. 1985) (upholding denial of leave to amend Complaint when substitute counsel discovered new information forming basis of proposed amendment); *Bymoen v. Herzog, Heine, Geduld, Inc.*, 1991 U.S. Dist. LEXIS 7169, *3 (S.D.N.Y. May 24, 1991) ("Plaintiff claims that the delay [in amending her complaint] arises here because she has new counsel who did not draft the third amended complaint. However, this is not sufficient basis for leave to amend where defendant would be prejudiced by the amendment."). Such reasoning should apply to this case as well – notably, plaintiff's proposed amendments are based on information she has had since the case's inception over 4½ years ago.

The March 22 Motion also should be denied because this lengthy delay causes extreme undue prejudice to NYUHC. In determining whether prejudice is undue, the Court considers whether the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1992). Although plaintiff admits in the March 22 Motion that "the amendment may result in additional discovery," plaintiff downplays the significance of the time and additional significant cost of such discovery in the context of this case. Indeed, NYUHC has already spent hundreds of thousands of dollars defending this case over the past four years. To force NYUHC to start the case over is prejudicial, particularly in light of the fact that plaintiff is now asking that NYUHC defend claims for medical negligence wherein entirely new discovery would have to be done, "significant additional resources" would have to be expended and there would be inevitable and significant delay. Moreover, the events giving rise to the allegations at issue in this case occurred approximately seven years ago. Adding new individual defendants and claims at the present time – when much of this case has already been litigated – would result in significant costs and time on the part of NYUHC and unnecessary delay.[2] *See Bymoen*, 1991 U.S. Dist. LEXIS 7169 at *4 (noting that "[i]n this case the amendment would be particularly prejudicial where discovery has already been completed and defendant has already filed a motion for summary judgment"). More significantly, both the

---

[1] Although plaintiff's participation in discovery was limited, on more than one occasion this Court was made aware of plaintiff's minimal prosecution of her case.

[2] The tactical reasons for adding individual defendants at this time is curious given that NYUHC is a large institution and in a far better position to bear the costs of litigation and any potential cost of settlement than Ms. Blate or Dr. Wissoff.

The Honorable Lorna G. Schofield
March 29, 2016
Page 3



Court and plaintiff's counsel previously acknowledged that the re-opening of discovery was intended to be "limited."

  Not only are the proposed amendments delayed and prejudicial to NYUHC, but the Court should deny the March 22 Motion because the proposed claims would ultimately be futile. *See Griffith v. Yas Sadri*, 2009 U.S. Dist. LEXIS 72531, at *5-6 (E.D.N.Y. Aug. 14, 2009) ("Case law within the Second Circuit is clear that if, upon amendment, a Rule 12(b) motion would have to be granted, the proposed amendment should be deemed futile.") Here, plaintiff's proposed negligence claim and the claims against the individual defendants are barred by a three-year statute of limitations. *See Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573 (S.D.N.Y. 2011) (NYSHRL and NYCHRL subject to a three-year statute of limitations); *Universitas Educ., LLC v. T.D. Bank, N.A.*, 2015 U.S. Dist. LEXIS 170264, at *8 (S.D.N.Y. Dec. 21, 2015) ("New York applies a three-year statute of limitations to all negligence claims"). As the events giving rise to plaintiff's claim concerning medical negligence occurred in 2009 and NYUHC terminated plaintiff's employment in 2011, the proposed amended claims are time-barred and do not in any way relate to the original claims in this case.

  Plaintiff argues that the negligence claim and the new claims against Dr. Wisoff and Ms. Blate may proceed because they relate back to plaintiff's timely filed Complaint. Such argument fails. It is clear that the "relation back test . . .is not one of temporal proximity but rather of adequate notice to defendants" such that "it is of no moment" that the original allegations occurred at the same time as the newly alleged claims. *See Griffith*, 2009 U.S. Dist. LEXIS 72531, at *10. This notice standard is particularly significant with respect to plaintiff's proposed negligence claim against NYUHC. Indeed, plaintiff's original Complaint is related entirely to her employment with NYUHC such that NYUHC would never have been on notice that plaintiff would bring a negligence claim against it in her capacity as a patient of the hospital. Thus, plaintiff's proposed negligence claim does not in any way "relate back" to her original Complaint. *See Lambert v. N.Y. State Office of Mental Health*, 2000 U.S. Dist. LEXIS 10536, at *6 n.1 (E.D.N.Y. June 9, 2000) (noting that the "central inquiry …is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.") (citations omitted).

  Plaintiff's proposed claims against Dr. Wisoff and Ms. Blate similarly fail to relate back to the original Complaint. An Amended Complaint adding new defendants relates back to the original Complaint if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out … in the original pleading;" (2) the proposed party "received such notice of the action [within ninety days as set forth in Fed. R. Civ. P. 4(m)] that it will not be prejudiced in defending on the merits;" and (3) the proposed party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). Here, plaintiff does not offer any facts to show that Dr. Wisoff or Ms. Blate "knew or should have known that the action would have been brought against [them], but for a mistake concerning [their] identity." Indeed, plaintiff knew

The Honorable Lorna G. Schofield
March 29, 2016
Page 4



their identity and even mentioned them in the Complaint.³  But, even if the Court assumes that they both had notice of the lawsuit within the time period set forth in Fed. R. Civ. P. 4(m), Dr. Wisoff and Ms. Blate did not know (and should not have known) that they would be named as a party in plaintiff's Complaint but for a mistake concerning their identity.  *See Lambert*, 2000 U.S. Dist. LEXIS 10536, at *6 (denying motion to amend complaint because "the claim against the proposed new defendants fails because [plaintiff] has not even advanced an argument on the third requirement, namely, that these individuals should have known that but for a mistake regarding their identities, an FMLA claim would have been brought against them in the original complaint); *Curry v. Campbell*, 2012 U.S. Dist. LEXIS 40341, at *17 (E.D.N.Y. Mar. 23, 2012) (denying plaintiff's motion to amend complaint as futile and noting "a reasonable conclusion would be that plaintiff deliberately chose not to name [proposed defendant] as a defendant, even though he was present at the scene").

As NYUHC has acknowledged in previous filings, plaintiff's former attorney's alleged behaviors are unfortunate, but "ineffective assistance of counsel does not provide a basis for relief in civil actions like this one, where the [plaintiff] has no right to counsel."  *SEC v. Gerasimowicz*, 9 F. Supp. 3d 378 382 (S.D.N.Y. 2014).  In that regard, this Court permitted a *limited* re-opening of discovery only, and plaintiff should not be allowed to start her case over with new claims and new parties.  Such a result would not only unduly prejudice NYUHC and the proposed individual defendants, but would change the entire course of the case going forward and nullify any hope for limited discovery or a resolution in the near future.  As such, NYUHC respectfully requests that Your Honor deny Ms. Haight's March 22 Motion and confirm the March 3 Order.

Respectfully submitted,

CERASIA & DEL REY-CONE LLP

s/ Christie Del Rey-Cone

Christie Del Rey-Cone

cc:     Zack Holzberg (By ECF)

---

³     We are unaware of whether Ms. Blate knew about the allegations against her in the original or subsequent Complaints.